**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-2(c)

Law Office Peter Zimnis
1245 Whitehorse Mercerville Road
Suite 412
Trenton, NJ 08619
(609) 581-9353

In re:
THADDUS ADAMS

Debtors

Order Filed on September 14, 2016
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 14-26344

Chapter 13

Judge: Kathryn C. Ferguson

# AMENDED ORDER TO EMPLOYER OR OTHER PARTY TO PAY TO THE CHAPTER 13 STANDING TRUSTEE

The relief set forth in the following pages, numbered two (2) through three (3) is herby **ORDERED.**

**DATED: September 14, 2016**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

(**Page 2**)
Debtor:  Thaddus Adams
Case No:  14-26344 KCF
Amended Wage Order

      Upon consideration of the Amended Wage Order to allow the Trustee's payment to be directly paid by the employer, from the Debtor's monthly earnings, and good cause appearing therefore it is hereby

      **ORDERED** that the Amended Wage Order pursuant to 11 U.S.C. Section 1325© and Section 105 is granted to permit the monthly Trustee payment to be garnished from the Debtor's monthly wages earned from their employer.

      The movant shall serve this order on the Debtor(s), Trustee and any other party who entered an appearance on the motion.

**Thaddus Adams**
Social Security No.: xxx-xx-0219

| | |
|---|---|
| Debtor's Employer name and address: | **Office of Management & Budget**<br>**Attn: Centralized Payroll;  Melissa Heeney**<br>**33 West State Street**<br>**PO Box 207**<br>**Trenton, New Jersey 08625** |
| Trustee to whom payments must be forwarded: | **Albert Russo, Trustee**<br>**P.O. Box 933**<br>**Memphis, Tennessee 38101-0933** |
| Amount to be deducted and pay period: | **Amount:  $500.00**<br>**_____ Weekly _____ bimonthly  X  monthly** |

(**Page 3**)
Debtor:   Thaddus Adams
Case No.:  14-26344  KCF
Amended Wage Order

IT IS FURTHER ORDERED that the employer or other party making payments shall note the debtors' name and bankruptcy case number on the checks to the trustee.

IT IS FURTHER ORDERED that said employer or other party shall notify said trustee and mortgagee(s) if the earnings or income of said debtor are terminated, and the reason for such termination.

IT IS FURTHER ORDERED that all earnings and wages of the debtor, except the amounts required to be withheld by the provisions of any laws of the United States, the laws of any State or political subdivision, or by any insurance, pensions or union dues agreement between employer and the debtor or by the order of this Court, shall be paid to the debtor in accordance with employer's usual payroll procedure.

IT IS FURTHER ORDERED that no deductions for or on account of any garnishment, wage assignment, credit union or other purpose not specifically authorized by this Court shall be made from the earnings of the debtor.

IT IS FURTHER ORDERED that an order dismissing the debtor's bankruptcy case shall constitute a termination of the requirement to make payments under this order.

IT IS FURTHER ORDERED that this order supersedes previous orders, if any, made to the subject employer or other in this cause.

IT IS FURTHER ORDERED that the attorney for the debtor shall serve copies of this order on the employer or other party, the trustee, and the mortgagee(s) within seven (7) days.

**IT IS A VIOLATION OF 11 U.S.C. SECTIONS 1674 AND N.J.S.A. 2A:170-90.4 FOR AN EMPLOYER TO DISCHARGE AN EMPLOYEE OR TAKE ANY OTHER DISCIPLINARY ACTION BECAUSE OF A WAGE GARNISHMENT.  AN EMPLOYER VIOLATING SAID STATUTES IS SUBJECT TO FINES AND IMPRISONMENT.**